UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| MUHAMMAD ALTAF,<br><br>  Plaintiff,<br><br>vs.<br><br>ALLSTATE TEXAS LLOYDS,<br><br>  Defendant. | CIVIL ACTION NO. 1:20-CV-00105 |

### DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES JUDGE:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY gives notice and hereby removes this action from the District Court of Jefferson County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division, and in support thereof would show unto the Court the following:

### I. INTRODUCTION

1. On February 7, 2020 Plaintiff Muhammad Altaf (hereinafter "Plaintiff") filed Plaintiff's Original Petition (hereinafter "Petition") in Jefferson County, Texas, under Cause No. E-205303; *Muhammad Altaf v. Allstate Texas Lloyd's;* in the 172nd Judicial District Court of Jefferson, Texas. (the "State Court Action").

2. Plaintiff's lawsuit concerns a claim on his homeowner's insurance policy related to alleged damage to his property due to Hurricane Harvey. Plaintiff claims his house and a guest house needs to be rewired due to an alleged lightning strike. Plaintiff claims the cost to repair the property damage alone exceeds $90,000.00. Plaintiff's petition asserts claims for breach of

contract, insurance code violations and respondeat superior. Plaintiff seeks actual damages, consequential damages, mental anguish, interest, attorneys' fees, loss of use and punitive damage. Per his pre-suit demand

3. Allstate demanded a jury trial in state court.

4. Defendant timely files this notice of removal within the 30-day timeframe dictated by 28 U.S.C. §1446(b).

## II. PROCEDURAL REQUIREMENTS

5. Venue is proper in the United States District Court for the Eastern District of Texas, Beaumont Division, because the State Court Action is pending within this district and division. *See* 28 U.S.C. §1441(a); *Also see* 28 USC §124(c)(2).

6. Pursuant to LR 81, attached hereto as **Exhibit A** is an Index of Matters. Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibit B and C** and incorporated by reference is a true and correct copy of the docket sheet and all documents filed of record with the Court in the State Court Action including all process, pleadings, and orders served.

7. Simultaneously with the filing of this *Notice of Removal*, Defendant is filing notice of the removal in the State Court Action pursuant to 28 U.S.C. §1446(a), which is attached hereto as **Exhibit D**, and will provide written notice of the filing of this *Notice of Removal* to all parties as required by 28 U.S.C. §1446(a).

8. Included in this filing are Defendants "*Disclosure Statement and Certificate of Interested Parties* pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, **Exhibit E,** and *List of All Counsel of Record*, **Exhibit F.** The State Court information is contained in **Exhibit G.**

## III. BASIS FOR REMOVAL

9. Removal is proper in this case due to complete diversity.

10. This Court has diversity jurisdiction under 28 U.S.C. §§1332(a). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

**A. Diversity**

11. For the purposes of diversity jurisdiction, a person is considered a citizen of the state where the person is domiciled. *Preston v. Tennet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 797 (5th Cir. 2007). Citizenship and residence are not synonymous. *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston*, at 799. "Domicile requires residence in [a] state and an intent to remain in the state." *Preston* at 798. A corporation is considered a citizen of both its state of incorporation and where it has its principal place of business.

12. Per his petition, Plaintiff is domiciled in the state of Texas.

13. Defendant, Allstate Texas Lloyds is an association of underwriters authorized to conduct business in the State of Texas as a "Lloyd's Plan." The citizenship of such an entity is determined by its individual underwriters. Allstate Texas Lloyds has 10 underwriters, all of whom are citizens of Illinois. Therefore, complete diversity exists between the Parties.

**B. Amount in Controversy**

14. Plaintiff's counsel made demand pre-suit for $541,577.60 which he calculated as actual damages, interest, mental anguish, punitive damages and attorneys' fees to date of demand.

15. Accordingly, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000.00.

## IV. Prayer

WHEREFORE, Defendant removes the State Court Action from Jefferson County District Court, to the United States District Court for the Eastern District of Texas, Beaumont Division, so that this Court may assume jurisdiction over the cause as provided by law.

                Respectfully submitted,

                SUSAN L. FLORENCE & ASSOCIATES

                */s/ Michael C. Maus*
                **MICHAEL C. MAUS**
                TBN:  24008803
                811 Louisiana, Suite 2400
                Houston, TX  77002
                HoustonLegal@allstate.com
                (713) 336-2842
                (877) 684-4165 (fax)

                ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served upon Plaintiff's counsel on this date.

| | |
|---|---|
| E. Hart Green<br>PO Box 350<br>Beaumont, Texas 77704<br>Email: hartgr@wgttlaw.com | via ECF |

                */s/ Michael C. Maus*
                **MICHAEL C. MAUS**