# EXHIBIT C

Exhibit C

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
2/7/2020 11:50 AM
JAMIE SMITH
DISTRICT CLERK
E-205303

CAUSE NO.: _____

| | | |
|---|---|---|
| MUHAMMAD ALTAF | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYDS | § | _____ JUDICIAL DISTRICT |

---

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, MUHAMMAD ALTAF, files this Original Petition, Request for Disclosure and Request for Production, and respectfully shows the Court the following:

### I.
### PARTIES

1.     Plaintiff, MUHAMMAD ALTAF A/K/A MUHAMMAD CHAUDRY, is an individual residing in Jefferson County, Texas

2.     Defendant, ALLSTATE TEXAS LLOYDS, is a domestic corporation doing business in the State of Texas and may be served with process via Certified Mail, Return Receipt Requested through its registered agent for service in the state of Texas: **CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.**

### II.
### JURISDICTION AND VENUE

3.     Venue of this matter is properly before this Court pursuant to the provisions § 15.002(1) of the Texas Civil Practices and Remedies Code in that all or part of the events or omissions giving rise to this claim occurred in Beaumont, Jefferson County, Texas. In addition, the property at issue is located in Jefferson County, Texas.

1

4.      The damages sought are within the jurisdictional limits of this Court and includes monetary relief of over $200,000 but less than $1,000,000.

## III.
## DISCOVERY CONTROL PLAN

5.      Plaintiff intends to conduct discovery under level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## IV.
## FACTS

6.      Prior to August 23, 2018, Muhammad Altaf a/k/a Muhammad Chaudry (hereinafter referred to as "Mr. Altaf" and/or "Plaintiff"), timely filed a claim with Allstate Texas Lloyds (hereinafter referred to as "Defendant" and/or "Allstate") for lightning strike damage to his home that occurred during the Hurricane Harvey event. The date of loss was on or about August 27-29, 2017. Mr. Altaf advised Allstate that he had sustained damage to his air conditioning unit and electric gate opener, amongst other issues. The claim was handled by Stephanie Hernandez with Allstate Texas Lloyds. Ms. Hernandez performed whatever investigation she deemed necessary prior to issuing her denial letter of August 23, 2018. In that letter, Mr. Altaf's claim for damage to his air conditioning unit and electric gate opener, and all other damages, were specifically denied because Allstate erroneously believed that the damage occurred from a direct or indirect loss out of Hurricane Harvey. At the time of the denial, Allstate knew that the damage was caused by lightning and, therefore, it should have been a covered loss.

7.      On or about November 6, 2019, a demand letter was sent to Allstate pursuant to the Texas Ins. Code & the Texas Bus. & Comm. Code giving notice to Allstate of the failure to timely and properly investigate Mr. Altaf's lighting strike claim and resulting damages. The letter was sent via regular mail and via certified mail on or about November 26, 2019.

2

Unofficial Copy

8.      By letter dated January 3, 2020, Allstate acknowledge receipt of the demand letter

on December 5, 2019. December 5, 2019 started the §542(A) statutory timeline response. The

January 3, 2020 letter only noted that Allstate would assign a "field adjuster" to inspect the

residence to determine scope of damage. In that same letter, Allstate requested completed proof of

loss alleging or threatening Mr. Altaf with necessity of completing the proof of loss prior to filing

a lawsuit and independent of any other pre-suit notices obligations opposed by law.

9.      On January 6, 2020 (32 days receipt after the demand letter), an Allstate adjuster

reached out to Mr. Altaf and requested an opportunity to inspect. Though under no obligation to

provide this inspection since §542(A)(004) of the Texas Ins. Code had not been complied with,

Altaf agreed to do so with the hopes that the claim would this time be properly adjusted and

investigated. The inspection occurred on or about January 7, 2020.

10.     On or about January 10, 2020, Mr. Altaf was contacted by an engineer hired by

Allstate asking for an opportunity to inspect the home. The inspection was scheduled and occurred

on or about January 17, 2020.

11.     On or about January 13, 2020, two other engineers reached out to Mr. Altaf on

behalf of Allstate and requested a time to schedule an inspection. Again, though outside the

purview of §542(A), and though these were the second and third engineers hired by Allstate to

inspect the denied claim, Mr. Altaf hoped that the claim would be properly handled and agreed to

allow the inspection. This inspection took place on or about January 17, 2020.

12.     By letter dated January 20, 2020, Mr. Altaf requested a copy of all investigations

that had been referenced in Allstate's prior letters and including any that occurred before December

5, 2019. Mr. Altaf also requested explanation pursuant to the terms of the contract as to why a

proof of loss was being requested at this late stage. Allstate, to date, has not responded to those

3

Unofficial Copy

requests.

13.     Proper notice was provided under the Texas Insurance Code including, but not limited to, §542(A)(004). All conditions precedent to recovery have been met. Allstate denied the claim in August of 2018. There was no request for a proof of loss prior to the denial of the claim.

## V.
## CAUSES OF ACTION

### A.  BREACH OF CONTRACT

14.     The acts and omissions in failing to timely and properly adjust the claim, refusing to inspect damage, and failure to timely and properly pay a claim all amount to material breach of contract by Allstate on the date of denial, August 23, 2018. At that time, the insured had complied with all contractual duties/obligations.

### B.  INSURANCE CODE VIOLATIONS

15.     The acts and omissions of Allstate in failing to properly and timely investigate the claim constitute a violation of the Texas Insurance Code §541.060(a)(1);

16.     The acts and omissions of Allstate constitute violations of the Texas Insurance Code §541.060(a)(1)(2), (3),(7).

17.     The acts and omissions also constitute a violation of §541.061.

18.     The acts and omissions also constitute a violation of §542(A).

19.     Under the catchall provision of 541.151(2), violation of the Texas Deceptive Trade Practice Act are violations of the Texas Insurance Code.

20.     The acts and omissions of Allstate also constitute a violation of §542.051 et seq., specifically §542.055-§542.058.

21.     The acts and omissions of Allstate constitute violations of Texas Business and Commerce Code 17.46(b)(2), (3), (5), (12).

4

## VI.
## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

22.      Allstate is legally liable for and responsible for all acts/omissions and damages

caused by its adjusters and/or agents.  All the acts and omissions were performed in the course and

scope of their employment.

## VII.
## DAMAGES

23.      As a result of the acts and omissions listed above, Plaintiff suffered damages.

Defendant is liable for the following, including but not limited to:

1.      Amounts owed under the contract;

2.      Consequential damages;

3.      Mental anguish;

4.      Interest;

5.      Attorney's fees;

6.      Loss of use of property; and

7.      Punitive damages.

24.      The acts and omissions of the Defendants were the proximate cause of all damages

sustained by Plaintiff.  Plaintiff sues for all damages Plaintiff is legally entitled to recover.

## VIII.
## RULE 194 REQUEST FOR DISCLOSURE

25.      Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose

within 50 days of the service of this request, the information or material described in Rule 194.2.

Unofficial Copy

## IX.
## DISCOVERY SERVED WITH PETITION
## PURSUANT TO RULES 194.2(a) AND 196.2(a)

26.     Attached and sent with this Petition are Plaintiff's:

1.     Request for Disclosure to Defendant; and

2.     Request for Production to Defendant.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein as the law directs, and that upon final hearing, Plaintiff has and recover judgment of and from Defendant a sum in excess of the minimum jurisdictional amounts of this Court, costs of court, pre-judgment and post-judgment interest which may be authorized by law, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**WELLER, GREEN, TOUPS &TERRELL, L.L.P.**
P O BOX 350
BEAUMONT, TEXAS 77704
(409) 838-0101
(409) 832-7823 (FAX)
hartgr@wgttlaw.com

_____
E. HART GREEN
STATE BAR NO. 08349290

**ATTORNEY FOR PLAINTIFF**

**JURY DEMAND**

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

BY _____
E. HART GREEN

6

CAUSE NO.: _____

| | | |
|---|---|---|
| **MUHAMMAD ALTAF** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **JEFFERSON COUNTY, TEXAS** |
| | § | |
| **ALLSTATE TEXAS LLOYDS** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S REQUESTS FOR PRODUCTION TO
## DEFENDANT, ALLSTATE TEXAS LLOYDS

**TO:**   Defendant, **ALLSTATE TEXAS LLOYDS**.

COMES NOW, MUHAMMAD CHAUDRY A/K/A MUHAMMAD ALTAF, Plaintiff in the above-styled and numbered cause of action, and concurrent with the filing of this suit, propounds these Requests for Production to Defendant, ALLSTATE TEXAS LLOYDS, and require that within fifty (50) days after service of these Requests for Production upon Defendant, that such Defendant answer the same and produce documents in accordance with the Texas Rules of Civil Procedure.

Plaintiff hereby notifies Defendant that he reserves the right to use any document(s) produced in response hereto at any pretrial proceeding or at trial pursuant to TRCP 193.7.

Respectfully submitted,

WELLER, GREEN, TOUPS & TERRELL L.L.P.
P. O. Box 350
BEAUMONT, TX 77704-0350
(409) 838-0101
(409) 832-7823 FAX
hartgr@wgttlaw.com

BY: _____
        E. HART GREEN

Unofficial Copy

STATE BAR NO. 08349290
ATTORNEY FOR PLAINTIFF

## DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the term "Plaintiff" shall mean MUHAMMAD CHAUDRY A/K/A MUHAMMAD ALTAF, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of him.

2.      As used herein, "Defendant" shall mean ALLSTATE TEXAS LLOYDS, and any attorneys, agents, employees, and all other natural persons or business or legal entities acting or purporting to act on behalf of ALLSTATE TEXAS LLOYDS.

3.      As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing in one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. *It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.* For purposes of illustration and not limitation, the term shall include: repair estimates; invoices; repair and/or damage itemizations; payment records; texts; affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries, drafts; files; emails; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, photographs, videos, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

Unofficial Copy

In accordance with Tex. R. Civ. P. 192.7, a document is deemed to be in your possession, custody or control if you have either actual physical possession of a document or constructive possession of the document. Constructive possession means that you have a superior right to compel the production of such document or a copy thereof from a third party having actual physical possession of the document.

4.      "Identify," "provide the identity", or "state the identity" when referring:

(a)      to a person, means to state his or her full name, and present or last known business and residential address and phone numbers;

(b)      to a public or private corporation, partnership, company, association, or other organization, or to a governmental agency, means to state its full name and present or last known pertinent business address and phone number;

(c)      to a statement, means to identify who made it, who took or recorded it, and all others present during the making thereof, if any; to state when, where, and how it was taken or recorded, and to identify who has present or last known possession, custody or control thereof;

(d)      to a document, means to give a reasonably detailed description thereof, including, if applicable, when, where and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof; and

(e)      to any other tangible thing, means to give a reasonably detailed description thereof, including, if applicable, when, where and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

5.      "Person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as government or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

Unofficial Copy

## PLAINTIFF'S REQUEST FOR PRODUCTION TO ALLSTATE

1.  Please produce a copy of all documents, including electronic information and claims files, referencing or noting when claim number 0477479588 FN4 was received by you and in what format.

2.  Please produce a copy of documentation, including electronic claim file or notes, regarding policy number 000986379811 for claim with a date of loss on or about August 27, 2017 – August 30, 2017.

3.  Regarding any losses referenced in Request for Production No. 2 above, please produce a copy of all documents, whether written or electronic, evidencing a request for information by you to Muhammad Altaf a/k/a Muhammad Chaudry for any losses that were requested or sent to Mr. Altaf on or before August 23, 2018.

4.  Please produce a copy of all documents, whether written or electronic, evidencing a request for information by you to Muhammad Altaf a/k/a Muhammad Chaudry regarding claim number 0477479588 FN4 that were requested or sent on or before August 23, 2018.

5.  Please produce a copy of all documents, whether written or electronic, evidencing a request for information by you to Muhammad Altaf a/k/a Muhammad Chaudry for any losses noted in Request for Production No. 2 above that were requested or sent between August 24, 2018 through December 5, 2019, inclusive.

6.  Please produce a copy of all documents, whether written or electronic, evidencing a request for information by you to Muhammad Altaf a/k/a Muhammad Chaudry regarding claim number 0477479588 FN4 that were requested or sent between August 24, 2018 through December 5, 2019, inclusive.

7.  Please produce a copy of all documents, whether written or electronic, evidencing a request for information by you to Muhammad Altaf a/k/a Muhammad Chaudry for any losses referenced in Request for Production No. 2 above that were requested or sent on or before your receipt of Hart Green's demand letter sent on behalf of your insured, letter dated November 26, 2019.

8.  Please produce a copy of all documents, whether written or electronic, evidencing a request for information by you to Muhammad Altaf a/k/a Muhammad Chaudry regarding claim number 0477479588 FN4 that were requested or sent on or before your receipt of Hart Green's demand letter sent on behalf of your insured, letter dated November 26, 2019.

9.  Please produce a copy of all documents or correspondence sent on or before Tuesday, January 7, 2020 evidencing a request for information from your insured or on behalf of your insured in response to the demand letter of November 26, 2019.

Unofficial Copy

10.   Please produce a copy of all documents or correspondence sent between Wednesday, January 8, 2020 – Friday, January 17, 2020, inclusive, evidencing a request for information from your insured or on behalf of your insured in response to the demand letter of November 26, 2019.

11.   Please produce a copy of all documents or correspondence evidencing a request for information from your insured or on behalf of your insured in response to the demand letter of November 26, 2019 that were sent between Friday, January 17, 2020 – Friday, January 24, 2020, inclusive.

12.   Please produce a copy of all documents or electronic material evidencing a request for information at any time after August 20, 2017 under policy number 000986379811.

13.   Please produce a copy of all documents or electronic material evidencing a request for information at any time after August 20, 2017 to your insured Muhammad Altaf a/k/a Muhammad Chaudry or his agents/representatives.

14.   Please produce a copy of all documents that you contend constituted an acknowledgement of the receipt of Muhammad Altaf a/k/a Muhammad Chaudry's claim for damages sustained in or about late August 2017.

15.   Please produce a copy of all documents that you contend constitute an acknowledgement of the receipt of Muhammad Altaf a/k/a Muhammad Chaudry's claim for damage regarding claim number 0477479588 FN4.

16.   Please produce a copy of any documents that you contend were requested under Texas Ins. Code 542.055(a)(3) that were sent to Mr. Muhammad Altaf a/k/a Muhammad Chaudry or his agents/representatives at any time after August 15, 2017 – present. If you did not acknowledge Mr. Muhammad Altaf a/k/a Muhammad Chaudry's claim in writing, please provide the record of receipt of claim specified by Texas Ins. Code 542.055(a)(c).

17.   Please produce a copy of all documents and/or electronic correspondence to any person to contend complies with a request for information under Texas Ins. Code §542A.004.

18.   Please produce a copy of all information requested, whether or not received, that you contend was necessary to have in your possession in order to assist your adjuster understand the claim and/or prepare for any inspection.

19.   Please produce a copy of all information requested, whether or not received, that was to help the adjuster understand the claim and/or prepare before Mr. Wilson's inspection of January 7, 2020.

20.   Please produce a copy of all information requested, whether or not received, that was to help the adjuster or Mr. Morales understand the claim and/or prepare before Mr. Morales' inspection of January 17, 2020.

Unofficial Copy

21.  Please produce a copy of all information requested, whether or not received, that was to help the adjuster or Mr. Ivory or Mr. Bourgious understand the claim and/or prepare before the inspection performed jointly by Mr. Ivory and Mr. Bourgious of January 24, 2020.

22.  Please provide a copy of all material, whether paper or electronic, provided to Mr. Wilson to assist him in preparing for his inspection prior to the date of the inspection on January 7, 2020.

23.  Please provide a copy of all material, whether paper or electronic, provided to U.S. Forensics before Mr. Morales' inspection prior to the date of the inspection on January 17, 2020.

24.  Please provide a copy of all material, whether paper or electronic, provided to U.S. Forensics before the Ivory/Bourgious inspection on January 24, 2020.

25.  Please provide a copy of any request for information, whether written or electronic, that you contend was not responded to by or on behalf of the insured that was necessary to:

    a.  perform any inspection of the Altaf property; and/or

    b.  help you understand the nature of the claim.

Unofficial Copy

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
2/7/2020 11:50 AM
JAMIE SMITH
DISTRICT CLERK
E-205303



**JAMIE SMITH**
**JEFFERSON COUNTY DISTRICT CLERK**
1085 PEARL STREET, ROOM 203, BEAUMONT, TX 77701

# REQUEST FOR PROCESS
All sections <u>must</u> be completed for processing this request.

Section 1:
Cause No. _____              Date __02/07/2020_____
Style:

__MUHAMMAD ALTAF_____
VS
__ALLSTATE TEXAS LLOYDS_____

Section 2:
Check Process Type:

☒ Citation   ☐ Precept to Serve / Notice of Hearing/Notice to Show Cause

☐ Temporary Restraining Order
☐ Application for Protective Order / Temporary (Ex Parte) Protective Order
☐ Notice of Registration of Foreign Judgment   ☐ Citation by Posting
☐ Writ of_____   ☐ Other_____
☐ Citation by Publication*- Newspaper: _____

☒ Check box if you would like the District Clerk's Office to make copies for your service. ($1.00 per page per pleading for copies for service)

Section 3:
Title of Document/Pleading to be attached for service: __Plaintiff's Original Petition and__

__Request for Disclosure_____

Note: You must furnish <u>one copy</u> of the document/pleading for <u>each</u> party served.

Section 4: **PARTIES TO BE SERVED (Please type or print):**

1. Name: __Allstate Texas Lloyds_____

   Address: __c/o CT Corporation System, 1999 Bryan St., Suite 900_____

   City: __Dallas_____   State: __Texas_____   Zip: __75201-3136__

2. Name:_____

   Address: _____

   City:_____   State:_____   Zip:_____

Unofficial Copy

3. Name:_____

   Address:_____

   City:_____ State:_____ Zip:_____

4. Name:_____

   Address:_____

   City:_____ State:_____ Zip:_____

5. Name:_____

   Address:_____

   City:_____ State:_____ Zip:_____

Section 5

## Check Service Type:

☐ No Service               ☐ Secretary of State

☐ Sheriff                  ☐ Commissioner of Insurance

☐ Constable Pct.           ☐ Out of County

☐ Out of State             ☐ Private Process   ☐ Other

☒ Certified Mail

Section 6 (<u>ONLY</u> if Section 7 does not apply)

**Attorney Name:**  E. Hart Green

**Address:**  P.O. Box 350
_____
                         Street/P.O. Box

  Beaumont                Texas               77704-0350
  _____  _____  _____
       City                    State               Zip

Attorney's Telephone No.  409-838-0101   Attorney's Bar No.  08349290

Section 7 (<u>ONLY</u> if Section 6 does not apply)

**Pro-Se Name:**_____

Address:_____

_____  _____  _____
       City                    State               Zip

Telephone No. _____

Section 8

## Check Delivery Type:

☐ Hold for pick up    ☒ Mail to Attorney

Unofficial Copy

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
2/19/2020 12:07 PM
JAMIE SMITH
DISTRICT CLERK
E-205303

Citation by Mailing

## THE STATE OF TEXAS

No. E-0205303

### MUHAMMAD ALTAF
### VS. ALLSTATE TEXAS LLOYDS

## CITATION BY MAILING

### 172nd JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To: ALLSTATE TEXAS LLOYDS
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM

by serving at:
**1999 BRYAN STREET
SUITE 900
DALLAS, TX    75201 3136**

DEFENDANT:

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to: District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 7th day of February, 2020.  It bears cause number E-0205303 and is styled:

Plaintiff:

**MUHAMMAD ALTAF**

VS.

**ALLSTATE TEXAS LLOYDS**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff, if pro se) is:

**GREEN, E HART, Atty.
P O BOX 350   77704 2615 CALDER   SUITE 400
BEAUMONT, TX   77702 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL)  accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 7th day of February, 2020.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY _Valencia Simpson_ Deputy

Valencia

### RETURN OF SERVICE

E-0205303          172nd JUDICIAL DISTRICT COURT

MUHAMMAD ALTAF

ALLSTATE TEXAS LLOYDS

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _Allstate Texas_ , on the _12th_ day of

_Feb_ , 20 _20_ .                                    _Lloyds_

_____ , Officer

_____ , County, Texas

By: _____ , Deputy

**ADDRESS FOR SERVICE**:

ALLSTATE TEXAS LLOYDS

BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM

1999 BRYAN STREET

SUITE 900

DALLAS, TX 75201 3136

### OFFICER'S RETURN

Came to hand on the _19th_ day of _February_ , 20 _20_ . at _11:15_ , o'clock _a_ .m., and executed in

_Jefferson_ , County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation

with the date of delivery endorsed thereon, together with the accompanying copy of the Citation by Mailing at the following times and

places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
| _Allstate Texas Lloyds_ | _2/12/2020_ | _1999 Bryan St. Suite 900 Dallas, TX 75201_ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_Certified Mail_ _____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES**:

Serving Petition and Copy $ _75_

Total                        $ _____

_Jamie Smith_ , Officer

_____ , County, Texas

By: _D. Fontenot_ , Deputy

_____

Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature
is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be
signed under penalty of perjury and contain the following statement:

"My name is _____ , my date of birth is _____ , and my address is

_____ (First, Middle, Last) _____

_____ (Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ , County, State of _____ , on the _____ day of _____ .

_____

Declarant/Authorized Process Server

_____

(Id # expiration of certification)



JAMIE SMITH
DISTRICT CLERK'S OFFICE
1085 PEARL ST RM 203
BEAUMONT, TX 77701-3545

9214 8901 0661 5400 0148 1504 65

**RETURN RECEIPT (ELECTRONIC)**

ALLSTATE TEXAS LLOYDS
BY SERVING ITS REGISTERED AGENT CT CORPORATION
SYSTEM
1999 BRYAN ST STE 900
**DALLAS, TX 75201-3140**

- - - - - - - - - - - - - - - - - - - - - - - - CUT / FOLD HERE - - - - - - - - - - - - - - - - - - - - - - - -          Zone 3

6"X9" ENVELOPE
CUT / FOLD HERE

- - - - - - - - - - - - - - - - - - - - - - - - CUT / FOLD HERE - - - - - - - - - - - - - - - - - - - - - - - -

**FILED**

at 11:15 o'clock A M

**FEB 19 2020**

**JAMIE SMITH, DISTRICT CLERK**
Jefferson County, Texas

BY D. Fontenot DEPUTY

Unofficial Copy

**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 02/13/2020

THE MAIL GROUP INC - 1 / CONFIRM DELIVERY INC:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 0661 5400 0148 1504 65. Our records indicate that this item was delivered on 02/12/2020 at 07:02 p.m. in DALLAS, TX 75201. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

Reference ID: 921489010661540001 48150465

ALLSTATE TEXAS LLOYDS
BY SERVING ITS REGISTERED AGENT CT CORPORATION
SYSTEM
1999 Bryan St Ste 900
Dallas, TX  75201-3140

Unofficial Copy

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
2/27/2020 1:21 PM
JAMIE SMITH
DISTRICT CLERK
E-205303

CAUSE NO. E-0205303

| | |
|---|---|
| MUHAMMAD ALTAF | IN THE DISTRICT COURT |
| VS. | 172ND JUDICIAL DISTRICT |
| ALLSTATE TEXAS LLOYDS | JEFFERSON COUNTY, TEXAS |

## **DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE TEXAS LLOYD'S, Defendants in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

### **I.  GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### **II.  SPECIFIC DENIALS**

In addition to any Notice required by the applicable insurance policy, Defendant denies that Plaintiff provided the pre-suit Notice required by Chapter 542A.003 of the Texas Insurance Code and Texas Business & Commerce Code § 17.505 (Texas Deceptive Trade Practices Act). Plaintiff's failure to provide the required notice under §542A.003 prior to the filing of this action constitutes a breach of that statute. Because Plaintiff's failed to give the notice required by §542A.003(b)(2) before filing this action, Plaintiffs are not entitled to recover attorneys' fees

Altaf vs. Allstate
Defendants' Original Answer and Request for Disclosure
0477479588.1

Page 1 of 4

Unofficial Copy

incurred after the date this defense was pled.

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit. All or part of Plaintiff's claims are excluded by the applicable insurance policy.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law. Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## III.  REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l). If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.  JURY DEMAND

Defendant formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

## V.  DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic

Altaf vs. Allstate
Defendants' Original Answer and Request for Disclosure
0477479588.1

Page **2** of **4**

Unofficial Copy

service email address, and service through any other email address will be considered invalid.

## **VI. PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants, ALLSTATE TEXAS LLOYD'S, prays that the Plaintiff recover nothing of and from the Defendants by reason of this suit, that Defendants be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show itself justly entitled, and for which Defendants will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**MICHAEL MAUS**
TBN:  24008803
811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2842
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S

Altaf vs. Allstate
Defendants' Original Answer and Request for Disclosure
0477479588.1

Page **3** of **4**

Unofficial Copy

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the

original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true and

correct copy of Defendants' Original Answer has been delivered to all interested parties on the 27th day of

February, 2020, to:

E. HART GREEN
WELLER, GREEN, TOUPS & TERRELL, L.L.P.
P O BOX 350
BEAUMONT, TEXAS 77704
hartgr@wgttlaw.com
Attorney for Plaintiff

*VIA E-SERVE*

**MICHAEL MAUS**

Altaf vs. Allstate
Defendants' Original Answer and Request for Disclosure
0477479588.1

Page **4** of **4**

Unofficial Copy